## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WHALLEY,** | : | **Civil No. 4:18-CV-1295** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. BLAZICK, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.     Factual Background

This case, which comes before us for consideration of three motions *in limine*, involves excessive force claims arising out of an August 14, 2016 affray between the plaintiff, Michael J. Whalley, and correctional staff. The parties agree that this excessive force claim presents factual issues for resolution at trial, and we have scheduled this case for trial in December of 2020.

In anticipation of this trial, the parties have filed three motions *in limine*, seeking pre-trial rulings on various evidentiary issues. (Docs. 53, 54, and 56). In one of these motions *in limine*, (Doc. 54), the defendants observe that during an investigation into this August 14, 2016 incident, Whalley alleged that other inmates in his housing unit had also been abused. (Doc. 55 at 2). Speculating that Whalley might attempt to introduce evidence from other inmates relating to these factually

distinct, but undescribed, alleged physical confrontations with staff, the defendants moved on September 23, 2020 to exclude any reference to other alleged assaults involving different inmates from the trial of this case. (Docs. 54 and 55).

Whalley has not responded to this motion *in limine*, perhaps signaling that he does not intend to offer such proof. In any event, for the reasons set forth below, the motion will be GRANTED, in part, in that Whalley will not be permitted to present such evidence in the absence of a pre-trial offer of proof which satisfies the criteria established by Rule 404(b) for the admission of other acts evidence.

## II.    Discussion

At the outset, under the Local Rules of this Court we find that the plaintiff should be deemed to concur in this motion *in limine*, since the plaintiff has failed to timely oppose the motion. Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*

Local Rule 7.6 (emphasis added).

Accordingly, since Whalley has not opposed this motion, he may be deemed to concur in the motion excluding this other acts evidence from the trial of this case.

In any event, in the absence of some much more fulsome proffer of relevance by Whalley, we find that this motion *in limine* has merit and should be granted. The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

Thus, in considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test [relating to relevance and prejudice] under Federal Rule of Evidence

403 will not be disturbed unless it is 'arbitrary and irrational.' " <u>Abrams v. Lightolier Inc.</u>, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); <u>see</u> <u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The exercise of this discretion is guided, however, by certain basic principles reflected in the philosophy which shapes the rules of evidence. For example, Rule 402 of the Federal Rules of Evidence provides that "evidence which is not relevant is not admissible." "Relevant evidence," in turn, is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this case, we are asked to consider the relevance, prejudicial impact and admissibility of evidence of other alleged, but otherwise undescribed, physical confrontations between prisoners and staff in this inmate excessive force case. Rule 404(b) of the Federal Rules of Evidence governs the admissibility of such other acts evidence and provides, in part, as follows:

**Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

Thus, by its terms, Rule 404(b) prohibits the use of other act evidence to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Instead, under the rule, this other acts evidence may be admitted only when it is probative proof of such factors as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Third Circuit has directed district courts to apply a four-part test in order to determine whether to admit evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its potential for unfair prejudice; and (4) if the evidence is permitted, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Rahamin, 168 F. App'x 512, 519 (3d Cir.2006) (citing United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003); see also United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992).

Here, it may be that Whalley wishes to introduce evidence of other alleged assaults to prove the defendants' assaultive character in order to show that on August

14, 2016, the defendants acted in accordance with this character. However, as we have observed in the past in similar situations, "to the extent Plaintiff [may be] intending to solicit testimony from inmate witnesses about other alleged wrongs or past practices in an effort to show that the alleged incident [in this case] was in conformity with those past wrongs or practices, the testimony is improper under Rule 404(b)." Lyons v. Beard, No. 3:07-CV-444, 2011 WL 2976780, at *4 (M.D. Pa. July 21, 2011). Moreover, in the absence of a fulsome and timely proffer describing the other acts evidence Whalley may wish to introduce, and its admissibility as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, we cannot assess whether any specific, but as of yet undefined, evidence from other inmate-witnesses might be admissible.

Accordingly, we will grant this motion *in limine*, in part, as follows: Whalley will not be permitted to present evidence from inmate witnesses of other alleged staff assaults of in the absence of a pre-trial offer of proof which must be made on or before **November 9, 2020** and must satisfy the criteria established by Rule 404(b) for the admission of other acts evidence.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL WHALLEY,** | : | **Civil No. 4:18-CV-1295** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. BLAZICK, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# **O R D E R**

AND NOW, this 22d day of October 2020, in accordance with the accompanying Memorandum, upon consideration of the defense motion *in limine* to exclude testimony of alleged allegations of abuse by other inmates, (Doc. 54), IT IS ORDERED that the motion is GRANTED, in part, as follows: Whalley will not be permitted to present evidence from inmate witnesses of other alleged staff assaults of in the absence of a pre-trial offer of proof which must be made on or before **November 9, 2020** and must satisfy the criteria established by Rule 404(b) for the admission of other acts evidence.

_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge