## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. WHALLEY, SR.,** | : | **Civil No. 4:18-CV-1295** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. BLAZICK, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM ORDER</u>

This should be a relatively simple case to try. It entails a single legal claim set against the backdrop of a discrete set of facts. Specifically, the plaintiff, Michael Whalley, alleges that the defendants—correctional staff at the State Correctional Institution at Waymart—used excessive force against him in violation of his constitutional rights during an August 2016 encounter at SCI Waymart.

The parties' initial pretrial memoranda seemed to recognize the factually specific and legally discrete nature of these claims. However, a conference that we conducted with counsel on February 1, 2022, regarding a defense motion which has now been withdrawn, suggested that the parties may have started to become embroiled in disputes concerning collateral matters. Therefore, after providing some guidance to counsel on February 1, we directed them to confer regarding these

matters and provide a status report concerning outstanding issues by February 7, 2022.

We have now received this status report (Doc. 103), a forty-two-page document which consists largely of notes of the parties' own intramural discourse. Nonetheless, page two of this document described some specific issues where counsel were seeking further guidance from the court. Accordingly, in order to provide further clarity to these proceedings, and to assist all counsel at trial, we are entering this order addressing the matters raised by counsel in this status report.

Initially the parties identified the following potential trial issues:

1. The scope and effect of this Court's February 1, 2022 Order as to the following:

   a. DEFENDANTS' ability to designate a DOC witness to authenticate a DC-481;

   RESPONSE: The Court has ordered that the plaintiff may authenticate this document through the previously recorded testimony of Dr. Weiner, a witness who is no longer available. While the defendants certainly may now designate a witness to authenticate these records, the plaintiff is not required to rely upon the proffered custodian but may, at his election, present the previous testimony of Dr. Weiner instead.

b. The evidentiary value of the DC-481 form, assuming *arguendo* it was introduced at trial.

RESPONSE: We have previously ruled that this medical record may be authenticated through the prior testimony of Dr. Weiner and held that this medical record falls within recognized hearsay exceptions. We have also stated that the record is admissible, subject to the plaintiff providing some competent proof drawing a causal connection between the conditions reported in this document and the injuries allegedly suffered by the plaintiff in his August 2016 encounter with prison staff. This last evidentiary issue has been deferred to trial.

c. Whether PLAINTIFF needs expert testimony to introduce evidence of: (i) a medical diagnosis of TBI, PTSD, and/or Seizure Disorders; and (ii) causation of such conditions by the incident;

RESPONSE: We have ruled that the record itself is admissible under exceptions to the hearsay rule without further expert testimony. As for the issue of drawing a causal connection between the conditions reported in this document and injuries allegedly suffered by the plaintiff four months earlier, we are deferring any ruling. It will be incumbent upon the plaintiff to present some evidence establishing this causal connection, but we will

not in advance of trial prescribe for counsel the manner in which the plaintiff can attempt to meet this burden of proof and persuasion.

d. DEFENDANTS' ability to cross-examine Christopher Hecker

RESPONSE: We have previously ruled that the transcript of Inmate Hecker's prior testimony may be admitted at trial, (Doc. 95-3), but the defense may call Hecker as a witness at trial if they wish to further examine him before the jury. If the defense intends to follow this course, it is incumbent upon the defense to make arrangements for this witness' appearance by writ or through video conferencing.

The parties' status report then identified the following additional issues where counsel are apparently seeking clarification from the court:

2.  The effect of DEFENDANTS' filing and subsequent withdrawal of their Motion to Disqualify upon

    a.  DEFENDANTS' ability to present evidence showing or permitting the inference that PLAINTIFF fabricated aspects of his claims;

        RESPONSE:  While the defense may pursue their theory of the case, including claims of recent fabrication by the plaintiff, given their withdrawal of the motion to disqualify counsel they may not do so in a fashion which implicates the claims made in that now withdrawn

motion. We will address objections at trial to the scope of cross examination or presentation of evidence on this question as they arise.

b. PLAINTIFF'S ability to seek to introduce PLAINTIFF'S allegation that PSP Palmer was instructed by DAG Bowers that she not talk to anyone regarding this case;

RESPONSE: This issue was never previously raised by the parties to our recollection. Before parties foray into this area, they should make an offer of proof outside the presence of the jury.

c. DEFENDANTS' ability to seek to introduce PLAINTIFF'S prior statements as direct, rebuttal, and/or impeachment evidence;

RESPONSE: Statements that were timely disclosed in discovery may be utilized by the parties, subject to the limitations set forth in the rules of evidence. The parties will need to make an offer of proof outside the presence of the jury to use statements which were not timely disclosed in discovery.

d. DEFENDANTS' ability to seek to introduce recordings of telephone calls made while PLAINTIFF was incarcerated;

RESPONSE: The court first learned of these recordings on February 1, 2022 and directed the defendants to forthwith file a motion relating to their disclosure. No such motion was filed. Therefore, the Court does

not anticipate permitting the use of this undisclosed, and unidentified evidence. Any party wishing to use such evidence will be obliged to make an offer of proof outside the presence of the jury prior to referring to this material.

e. DEFENDANTS' ability to seek to introduce evidence of PLAINTIFF'S prior *crimen falsi* convictions at trial for impeachment purposes.

RESPONSE: Subject to the requirements of Rule 609, impeachment by prior convictions will be permitted, but parties may not rely upon arrests, medical, mental health, or drug and alcohol treatment or other similar matters to impeach without first providing an offer of proof outside the presence of the jury.

f. DEFENDANTS' ability to seek to introduce habit evidence at trial.

RESPONSE: Rule 404(b) of the Federal Rules of Evidence provides clear guidance regarding the introduction of other acts evidence and limits the use of such evidence at trial. Any attempt to introduce such evidence will, as a preliminary matter, require an offer of proof outside the presence of the jury which complies with the requirements of Rule 404(b).

Finally, in their status report the parties sought clarification of the following issue:

3. The effect of the PARTIES' disclosures, non-disclosures, need for disclosure, and/or late disclosures of documentation upon the admissibility of evidence.

RESPONSE: As we previously noted for counsel, we do not intend the trial of this case to become a forum for the litigation of discovery issues which could have been raised by the parties at earlier stages of this protracted litigation. Therefore, we do not anticipate permitting the use at trial of evidence which was not timely disclosed by the parties. Accordingly, any attempt to introduce or refer to such evidence must be preceded by an offer of proof outside the presence of the jury.

We have noted in a number of instances that parties may endeavor to make offers of proof outside the presence of the jury. In order to be respectful of the jury's time, requests to make such offers of proof should take place prior to trial commencing, during the noon hour, or at the close of the trial day. If the parties require further clarification on any of these matters, they may contact our courtroom deputy, Mr. Neary, to schedule a conference call with the court prior to trial.

So ordered this 8th day of February 2021.

*s/ Martin C. Carlson*
Martin C. Carlson
United Stated Magistrate Judge
